UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
A.R. MARTIN, *pro se*,   :
   :  **ORDER TO SHOW CAUSE AND**
             Plaintiff,  :  **MEMORANDUM & ORDER**
   :  15-CV-5451 (DLI)(LB)
       -against-  :
   :
WELLS FARGO BANK and CHEXSYSTEMS, INC.,  :
   :
             Defendants.  :
   :
-------------------------------------------------------------------x
**DORA L. IRIZARRY, United States District Judge:**

*Pro se*[1] Plaintiff A.R. Martin ("Plaintiff") originally filed this action in the Civil Court of the City of New York, Queens County ("Queens County Civil Court"), alleging a claim for breach of contract, as well as violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666. (*See* Compl., Ex. A to the Notice of Removal, Dkt. Entry No. 1-2.) Defendant ChexSystems, Inc. ('ChexSystems"), with the consent of Defendant Wells Fargo Bank (collectively, "Defendants"), subsequently removed the action to this Court based on the federal question presented by Defendants' alleged FCRA violations. (*See* Dkt. Entry No. 1.) Presently before the Court is Plaintiff's motion to remand this action to Queens County Civil Court. (*See* Dkt. Entry No. 13.) For the reasons set forth below, Plaintiff's motion to remand is denied, and Plaintiff is Ordered to Show Cause why this action should not be dismissed for his failure to comply with a filing injunction to which he is subject.

---

[1] The Court is mindful that "[a] document filed *pro se* is to be liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted), and should be interpreted "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citation omitted). However, the Court notes Plaintiff's representation that he has a background in the legal profession and is an experienced litigator. *Cf. Bliven v. Hunt*, 478 F. Supp. 2d 332, 334 (E.D.N.Y. 2007) (pleadings of attorney proceeding as *pro se* plaintiff not afforded same degree of liberal construction given to non-attorney *pro se* plaintiffs).

**DISCUSSION**

Plaintiff has good reason to seek a remand of this action. He appears to be the same Anthony Martin-Trigona, also known as Andy Martin, whose extensive history of initiating frivolous and vexatious lawsuits is well documented in decisions issued by courts spanning the United States. This Court need not rehash the entire history of Plaintiff's abuses, except to say that his conduct proved so egregious that, in 1984, the United States District Court for the District of Connecticut issued a filing injunction (the "Federal Injunction") permanently restraining him from commencing any new lawsuit in any federal court, subject to certain exceptions not applicable here, without first obtaining leave from the court. *See* Order of Permanent Injunction, *In re Martin-Trigona*, 592 F. Supp. 1566 (D. Conn. 1984), *aff'd* 763 F.2d 140 (2d Cir. 1985); *see also In re Martin-Trigona*, 795 F.2d 9, 12 (2d Cir. 1986) (affirming permanent nature of similar injunction applicable with respect to any appeal filed in the Second Circuit). The filing injunction is still in effect, having been enforced or otherwise invoked by federal courts several times in recent years. *See, e.g., Martin v. Kimball*, 2011 WL 1402772, at *1-3 (D.N.H. Apr. 6, 2011), *report and recommendation adopted* 2011 WL 1403172 (D.N.H. Apr. 13, 2011); *Martin v. Akerson*, 2009 WL 2848897, at *1-2, 7 (N.D. Ill. Aug. 31, 2009); *Martin v. Brock*, 2007 WL 1853298, at *1-2 (N.D. Ill. 2007); *see also* Order Denying Leave to File, *Martin v. JPMorgan Chase et al.*, 09-mc-281 (E.D.N.Y. July 7, 2009).

Impeded in the federal courts, Plaintiff's fusillade of filings apparently continues in the state and local courts. A search of court records indicates that, in 2015 alone, "A.R. Martin," an alias Plaintiff seemingly uses in a meager attempt to evade applicable filing restrictions, has filed at least six lawsuits in Queens County Civil Court against defendants that include, in addition to

2

Defendants here, Comcast Corp., Home Depot Inc., AT&T Corp., and several individuals. However, the state and local courts hardly provide a welcome sanctuary for Plaintiff to pursue frivolous litigation. ChexSystems claims that, aside from the Federal Injunction, Plaintiff also is subject to a similar filing injunction in New York state that restrains him from commencing any *pro se* lawsuit, like the instant one, without first obtaining leave from the administrative judge in the relevant state or local court. *See Martin-Trigona v. Cap. Cities/ABC, Inc.*, 145 Misc.2d 405, 409-10 (N.Y. Sup. Ct., N.Y. Cnty. 1989).

Moreover, the Federal Injunction placed conditions even on Plaintiff's filings in non-federal fora, requiring Plaintiff to attach certain disclosures and other materials to any document commencing a new lawsuit in any state, county, or municipal court. Specifically, the Federal Injunction provides that Plaintiff must include with any such document a statement of his litigation history, and attach copies of the opinions and appendices in the following actions: (1) *In re Martin-Trigona*, 573 F. Supp. 1245 (D. Conn. 1983); (2) *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984); and (3) *In re Martin-Trigona*, 592 F. Supp. 1566 (D. Conn. 1984). Upon review of the state court docket in this matter, which this Court may judicially notice, there is no indication that Plaintiff provided any of those materials to the Queens County Civil Court when commencing this action. Accordingly, Plaintiff is hereby Ordered to Show Cause, no later than November 20, 2015, why this action should not be dismissed as a sanction for his failure to comply with the Federal Injunction. *See Martin-Trigona v. NYSE Found., Inc.*, 1990 WL 103955, at *1-2 (S.D.N.Y. July 19, 1990) (dismissing removed action that was commenced in New York state court without satisfying requirements of the Federal Injunction). Failure to comply timely with this Order to Show Cause will result in automatic dismissal of this action

with prejudice.

Turning to Plaintiff's remand motion, Plaintiff argues that this Court lacks subject matter jurisdiction and must return this action to the Queens County Civil Court because: (1) the Complaint does not assert a claim under the FCBA, as its sole reference to the FCBA was mistaken; (2) under 15 U.S.C. § 1681p, state courts have concurrent jurisdiction over FCRA claims; (3) the Notice of Removal is "null and void" because it was not filed with an accompanying certificate of service; and (4) this action was removed in bad faith, given the small amount in controversy and Defendants' purported interest in improperly leveraging the Federal Injunction to obtain dismissal of the action. Plaintiff's arguments are unavailing.

Even accepting Plaintiff's argument that his reference to the FCBA was mistaken, the Complaint in this matter clearly establishes a basis for federal subject matter jurisdiction by explicitly asserting a claim under the FCRA. (*See* Compl. ¶ 4). Courts in this Circuit have declined to exercise federal jurisdiction where a complaint mentions the FCRA only in passing, unmoored from a claim for relief, *see, e.g., McClung v. Credit Acceptance Corp.*, 2015 WL 5638223, at *3-4 (N.D.N.Y. Sept. 24, 2015), but in this case Plaintiff unambiguously asserts a right to recovery under the FCRA. Under such circumstances, there is no question that federal jurisdiction lies with respect to Plaintiff's FCRA claim pursuant to 28 U.S.C. § 1331. *See* 15 U.S.C. § 1681p (granting to district courts original jurisdiction over claims brought under the FCRA); *see also Okolie v. Trans Union LLC*, 1999 WL 458165, at *1 (E.D.N.Y. June 30, 1999). Furthermore, under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of

4

the same case or controversy." Insofar as Plaintiff's breach of contract claim shares a "common nucleus of operative facts" with his FCRA claim, the Court finds it proper to retain jurisdiction over the entire matter. *See Okolie*, 1999 WL 458165, at *2 (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1996)).

The fact that Congress granted to state courts concurrent jurisdiction over claims brought under the FCRA does not compel a different result. Despite its grant of concurrent jurisdiction, the FCRA does not *require* FCRA claims to be heard in state court rather than federal court, or vice versa, nor does it prohibit removal of FCRA claims originally brought in state court. *See, e.g., Okolie*, 1999 WL 458165, at *2; *see also Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1264-65 (11th Cir. 1998) ("We hold that the sole purpose of [15 U.S.C. § 1681p] is to allow state courts concurrent jurisdiction for actions brought under the FCRA, and that the provision of concurrent jurisdiction does not prohibit removal.") Nor is remand called for based upon Plaintiff's representation that ChexSystems did not file, either in the Queens County Civil Court or with this Court, a certificate of service along with the Notice of Removal. The docket reflects that ChexSystems, in fact, did file confirmation that Plaintiff was served with the Notice of Removal (*see* Dkt. Entry No. 12), and, in any event, Plaintiff does not dispute that he actually received a copy of the Notice. Plaintiff also does not challenge ChexSystems' representation that it complied with the other procedural requirements governing removal set forth in 28 U.S.C. § 1446(d). (*See* Notice of Removal ¶ 16.)

Furthermore, given the federal question presented by Plaintiff's FCRA claim, this Court has jurisdiction over this matter irrespective of the relatively small amount in controversy. *See Okolie*, 1999 WL 458165, at *1 ("Because Plaintiff expressly alleges a violation of the Fair

Credit Reporting Act in his complaint, this Court has original jurisdiction over that claim regardless of the amount in controversy."); *see also Williams v. Met. Life Ins. Co.*, 1994 WL 529880, at *1 (S.D.N.Y. Sept. 28, 1994) ("Under the federal removal statute, a case properly brought in state court may be removed to federal court without regard to the citizenship of the parties or the amount in controversy if the claim is one which presents a federal question that could have initially been brought in federal court.") Finally, there is no merit to Plaintiff's suggestion that this case was removed in bad faith based upon Defendants' purported interest in improperly leveraging the Federal Injunction. To the contrary, Plaintiff's continued flouting of the Federal Injunction is a matter of serious concern, and, if Plaintiff has failed to comply with its terms in commencing this action, the potential consequences include dismissal of this action, a monetary fine, and other sanctions.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand this action is denied in its entirety. Plaintiff is hereby Ordered to Show Cause, no later than November 20, 2015, why this action should not be dismissed for his failure to comply with the Federal Injunction. Failure to comply timely with this Order to Show Cause will result in automatic dismissal of this action, with prejudice. All further proceedings in this matter are stayed pending disposition of the Order to Show Cause. ChexSystems' motion for a promotion conference is denied based on the stay of this matter and because this Court's Individual Rules and Practices, with which all parties, including *pro se* Plaintiff, must become familiar, do not require a promotion conference or leave of the Court to file a motion to dismiss in lieu of an answer to the complaint.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
November 4, 2015

/s/
DORA L. IRIZARRY
United States District Judge